## St. Louis Southwestern Railway Company of Texas v. J. L. Rutherford.

### Decided June 27, 1906.

**1.—Railway—Extortion—Penalty—Pleading.**

A petition seeking to recover from a railway excessive charges collected, with penalty for extortion, which substantially alleges that defendant charged and collected a greater rate for the use of the car than was fixed or authorized by law, held good as against general demurrer.

**2.—Demurrage.**

The consignee of a car of freight, on payment of the transportation charges, was entitled to 48 hours clear time, exclusive of Sunday, to unload same; and where the carrier, after interfering with the unloading during a part of this time by switching the car to a place where it was impracticable, compelled payment of demurrage before permitting unloading to continue it is liable for the overcharge and penalty.

**3.—Same—Defense—Pleading.**

The defense that the charge for demurrage was exacted innocently, in ignorance of the fact that the unloading had been interfered with by defendant during a part of the time allowed, must be pleaded by defendant, in order to be available.

Appeal from the District Court of Franklin County. Tried below before S. P. Pounders, Esq., Special Judge.

*Glass, Estes & King* and *E. B. Perkins,* for appellant.—The general demurrer to the petition should have been sustained, because it was not alleged that the Railroad Commission had established a rate for demurrage and the defendant had exacted a greater. Rev. Stats., 4573,

4575; Houston, E. & W. Ty. Ry. v. Campbell, 91 Texas, 558; Conley v. Sherman S. & S. Ry. Co., 90 Texas, 257; State v. International & G. N. Ry., 4 Texas Ct. Rep., 773; St. Louis S. W. Ry. Co. v. Hill & Morris, 80 S. W. Rep., 368.

The evidence shows conclusively that plaintiff was not entitled to recover a penalty, and that therefore, the $4 sued for as overcharge was not within the jurisdiction of the District Court. St. Louis S. W. Ry. Co. v. Hill & Morris, 80 S. W. Rep., 368; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 558; Conley v. Sherman S. & S. Ry. Co., 90 Texas, 257.

*R. T. Wilkinson,* for appellee.—The petition was good as against general demurrer. Rev. Stats., arts. 4573, 4575; Houston & T. C. Ry. Co. v. Lone Star Salt Co., 19 Texas Civ. App., 684.

The facts entitled plaintiff to recover: Rev. Stats., arts. 4573, 4575.

It was not necessary for the plaintiff to allege nor prove that the charges were knowingly made, but if such charges were *innocently* made, the statute makes this a defense that may be urged by the railway company. Luens v. Petty, 2 Texas Ct. Rep., 857.

EIDSON, Associate Justice.—This suit was brought in the court below by appellee against appellant to recover the penalty provided by the statute for extortion by railroads in this State, and also to recover for excessive charges alleged to have been collected as demurrage by the agent of appellant at Mount Vernon, Texas, for the use of a car shipped to that place by appellant loaded with brick. The trial before the court without a jury resulted in a judgment in favor of appellee in the sum of $127, this amount consisting of $125, the statutory penalty for extortion, and $2 excessive charges.

By its first assignment of error appellant complains of the action of the court below in overruling its general demurrer to appellee's petition. In our opinion appellee's petition is not obnoxious to a general demurrer. The petition substantially alleges that the appellant charged and collected a greater rate for the use of the car than was fixed or authorized by law, and this was sufficient as against a general demurrer.

Appellant's second assignment of error is overruled. Appellee under the law was entitled to the free and unmolested use of the car for the purpose of unloading the same for 48 hours from and after noon on Saturday, December 14, 1901, exclusive of Sunday; and the court found, and the testimony supports such finding, that appellee was prevented by the acts of appellant from using the said car to unload same for eight hours within said 48 hours and that appellant took possession of said car and sealed up same before appellee had unloaded the same or had the use of the same the 48 hours allowed him by law within which to unload same, and would not permit appellee to take possession of the car and resume or complete the unloading thereof until two days thereafter, and after it had demanded of and collected from appellee, over his protest, the sum of $2 as demurrage, and that appellee had previously paid to appellant the legal charges for the car, including its use in unloading same. When a railroad company makes

a contract to transport an article or commodity from one point to another at a certain rate, the contract includes the use of the car during the 48 hours allowed by law for unloading same. The amount fixed by law through the Railroad Commission for the transportation of the car of brick in question from Sulphur Springs to Mount Vernon being $10, this amount covered the compensation to the railroad company for the use of the car the 48 hours allowed by law for unloading it; and appellant's act in demanding and collecting from appellee $1 per day for the use of said car prior to giving him the use thereof the 48 hours allowed by law for unloading same, made it guilty of extortion as defined by article 4573, Sayles' Revised Statutes.

What has just been said in passing upon appellant's second assignment of error disposes of its third, fourth and fifth assignments. And further, it is not necessary, in order to show a railroad company guilty of extortion under the statute, that it be alleged and proven that the excessive charge was knowingly made. If such excessive charge was unintentionally and innocently made through a mistake of fact, it was a matter of defense for appellant to plead and prove, and there was no such pleading by appellant in this case. (Art. 4575, Sayles' Rev. Stats.) We adopt the findings of fact of the court below, the same being supported by the evidence.

All of appellant's assignments of error are overruled, and the judgment of the court below is affirmed.

*Affirmed.*